UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| SCOTT RILEY, et al., | : | CASE NO. 5:07-CV-494 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | ORDER AND OPINION |
| | : | [Resolving Doc. No. 2] |
| JAMES TRIMBLE, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is a motion to dismiss filed by the U.S. Probation Office, which is one of several defendants in this case. [Doc. 2.] The Plaintiff opposes the Defendant's motion. [Doc. 9.] For the reasons discussed below, the Court **GRANTS** the Defendant's motion.

## I. Background

On January 21, 2005, Defendant James Trimble, a federal probationer, shot and killed his girlfriend and her son; then took hostage the decedent in this case, Sarah Positano, before he killed her as well. A state court eventually convicted Trimble, who currently is in the Ohio State Penitentiary on death row. The Complaint in this case asserts various claims against multiple Defendants. The Complaint asserts two claims against the U.S. Probation Office: (1) a tort claim for negligent supervision, and (2) a claim under 42 U.S.C. § 1983 for violation of the decedent's civil rights. Defendant moves to dismiss these claims for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II. Legal Standard

*A. Subject Matter Jurisdiction*

Case No. 5:07-CV-494
Gwin, J.

When subject matter jurisdiction is challenged under Fed.R.Civ.P. 12(b)(1), the plaintiff has the burden of proving that the court has jurisdiction over the cause of action. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.1986). In ruling on such a motion, the district court may resolve factual issues when necessary to resolve its jurisdiction. *Madison-Hughes*, 80 F.3d at 1130; *Rogers*, 798 F.2d at 918.

*B. Failure to State a Claim*

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). In deciding a motion under Fed.R.Civ.P. 12(b)(6), the Court must accept all of the allegations contained in the plaintiff's complaint as true and construe the complaint "liberally in favor of the party opposing the motion." *Id.* at 377. While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

### III. Analysis

The Defendant moves to dismiss the Plaintiffs' claims for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. The Court discusses the Defendant's motion relative to each of the Plaintiffs' claims in turn.

*A.    Negligent Supervision*

Case No. 5:07-CV-494
Gwin, J.

The Plaintiffs bring their first claim against the Defendant U.S. Probation Office pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, which provides a limited waiver of the government's sovereign immunity. However, the FTCA sets forth exact conditions that a plaintiff must meet for a claim to proceed against the United States. *Honda v. Clark*, 386 U.S. 484, 501 (1967); *Soriano v. United States*, 352 U.S. 270 (1957). Of particular relevance in this case, the FTCA requires that plaintiffs present an administrative claim to the proper federal agency prior to the initiation of a suit against the United States. 28 U.S.C. § 2675(a). Moreover, " [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . " 28 U.S.C. § 2401(b).

Here, the Plaintiffs failed to make any administrative claim prior to initiating the instant suit against the Defendant U.S. Probation Office. In their opposition to the Defendant's motion to dismiss, the Plaintiffs request leave to remedy their failure to bring an administrative claim. [Doc. 9.] However, the time to file an administrative claim has run, as more than two years have passed since the Plaintiffs' claim accrued. Accordingly, the Plaintiffs have not complied with the requirement of 28 U.S.C. § 2675(a) and, therefore, the Court must dismiss the Plaintiffs' tort claim against the Defendant U.S. Probation Office for want of jurisdiction.

### B.     *Section 1983 Claim*

The Plaintiffs also sue the Defendant pursuant to 42 U.S.C. § 1983 for violation of the decedent's civil rights. [Doc. 1.] The Defendant says the Court must dismiss this claim both because the Plaintiff has failed to state a claim upon which relief can be granted and because the Court lacks subject matter jurisdiction. [Doc. 2.] The Court agrees and accordingly dismisses the Plaintiffs' §

Case No. 5:07-CV-494
Gwin, J.

1983 claim.

First, Section 1983 pertains only to constitutional violations committed under color of state law and cannot support a claim alleging a deprivation of rights predicated on the actions of either a federal official or federal agency acting under the color of federal law. *See, e.g., Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1987) ( section 1983 provides no remedy for deprivation of rights by federal officials acting under color of federal law). Accordingly, the Plaintiffs' complaint fails to state a claim upon which relief can be granted.

Second, even if the Plaintiff's claim properly relied upon the *Bivens* doctrine, which provides the vehicle for addressing constitutional violations committed by federal officials acting under federal law, it would still fail for lack of jurisdiction. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs may file a *Bivens* action against individual federal officials, but not against either the United States itself or a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Accordingly, the Plaintiff's instant claim would fail even if construed as a *Bivens* cause of action.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: June 7, 2007                     s/      *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE