UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
SCOTT RILEY, et al.,                            :        CASE NO. 5:07-CV-494
                                                :
                    Plaintiffs,                 :
                                                :
        vs.                                     :        ORDER AND OPINION
                                                :        [Resolving Doc. Nos. 8,13]
JAMES TRIMBLE, et al.,                          :
                                                :
                    Defendants.                 :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Before the Court is a motion to dismiss filed by Defendants Portage County and Portage

County Job and Family Services ("Portage County"), which is one of several defendants in this case.

[Doc. 8.] The Plaintiffs oppose the Defendants' motion. [Doc. 13.] For the reasons discussed below,

the Court **GRANTS** the Defendants' motion.

### I.  Background

        On January 21, 2005, Defendant James Trimble, a federal probationer, shot and killed his

girlfriend and her son; then took  Sarah Positano hostage. [Doc. 1.]  He later killed her as well. *Id.*

A state court eventually convicted Trimble of murder and he  is currently on death row in a Ohio

State Penitentiary.  *Id.*  The Complaint in this case asserts various claims against multiple

Defendants, including six claims against Portage County: (1) a claim under 42 U.S.C. § 1983 for

violation of the decedent's civil rights; (2) a civil conspiracy claim; (3) a state law claim for breach

of a non-delegable duty owed to the decedent; (4) a tort claim for negligent infliction of emotional

-1-

Case No. 5:07-CV-494
Gwin, J.

distress; (5) a tort claim for wrongful death; and (6) a tort claim for negligence.  *Id.*  Defendants move to dismiss these claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## II.  Legal Standard

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). In deciding a motion under Fed.R.Civ.P. 12(b)(6), the Court must accept all of the allegations contained in the plaintiff's complaint as true and construe the complaint "liberally in favor of the party opposing the motion." *Id.* at 377. While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

## III.  Analysis

The Defendants move to dismiss all the Plaintiffs' claims for failure to state a claim upon which relief can be granted. [Doc. 8.] The Court addresses the Defendants' motion relative to each of the Plaintiffs' claims, beginning with the Plaintiffs' federal causes of action.

### A.       Federal Causes of Action

The Plaintiffs' complaint arguably alleges two federal causes of action against the Defendants.  First, the Plaintiffs say that the Defendants violated the decedent's civil rights, in

Case No. 5:07-CV-494
Gwin, J.

contravention of 42 U.S.C. § 1983, by depriving the decedent of the right to equal protection under the Fourteenth Amendment of the U.S. Constitution, the right to procedural and substantive due process under the Fifth and Fourteenth Amendments, and the right against cruel and unusual punishment provided by the Eighth Amendment. [Doc. 1.]  Additionally, the Plaintiffs bring a civil conspiracy claim that arguably may be construed as a federal cause of action brought pursuant to § 1983.  *Id.*  The Defendants argue that the Court should dismiss both claims for failure to state a claim upon which relief can be granted. [Doc. 8.]  The Court agrees.

> 1.    *Section 1983 Claim*

Section 1983 provides a federal cause of action for civil damages against an individual acting under color of state law who deprives another of "rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Here, the Plaintiffs' complaint fails to allege that the Defendants acted under color of law to deprive the decedent of equal protection, procedural due process, or the right against cruel and unusual punishment. [Doc. 1.]  Moreover, the Plaintiffs' brief in opposition to the Defendants' motion to dismiss does not address these claims – which the Court takes as a sign of the Plaintiffs' recognition that they are unsupportable as a matter of law. [Doc. 13.]  Accordingly, the Court agrees that the Plaintiffs' reliance on such constitutional provisions fails to state a claim upon which relief can be granted.

The Plaintiffs argue, however, that their substantive due process claim is supportable based upon the state-created-danger theory of liability. *Id.*  Absent special circumstances, nothing in the language of the Due Process Clause requires a state to protect the life, liberty, and property of its citizens against invasion by private actors. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).  States do, however, absorb a duty to protect citizens when either (1) "the

-3-

Case No. 5:07-CV-494
Gwin, J.

State has so restrained the liberty of the individual that it renders him unable to care for himself,"
or (2) the State "cause[s] or greatly increase[s] the risk of harm to its citizens . . . through its own
affirmative acts," such that one can say that the State created a "Special Danger." *Kallstrom v. City
of Columbus*, 136 F.3d 1055, 1066 (6th Cir.1998) (citing *DeShaney*, 489 U.S. at 200). The Plaintiffs
argue that this second exception, known as the state-created-danger theory of liability, applies in the
instant case. [Doc. 13.]  The Court again disagrees.

        "To bring a 'state created danger' claim, the individual must show: '(1) an affirmative act
by the state which either created or increased the risk that the plaintiff would be exposed to an act
of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed
the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3)
the state knew or should have known that its actions specifically endangered the plaintiff.'" *Jones
v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006) (quoting *Cartwright v. City of Marine City*, 336 F.3d
487, 493 (6th Cir.2003).  Here, the Plaintiffs fail to satisfy any of the required elements necessary
to sustain a state-created-danger claim.

        First, no evidence indicates that the Defendants took any affirmative action that either
created or increased the risk that the decedent would be injured.  At best the Plaintiffs allege that
Portage County's failure to act increased the decedent's risk of injury.  Both the Sixth Circuit and
the United States Supreme Court, however, have unambiguously held that a mere failure to act
cannot serve as the basis for a substantive due process claim.  *See DeShaney,* 489 U.S. at 197; *Jones
v. Reynolds*, 438 F.3d at 690.

        Additionally, no evidence indicates that the Defendants' actions placed the decedent at
particular risk compared to the public at large.  At worst, the Defendants' purported failure to

-4-

Case No. 5:07-CV-494
Gwin, J.

adequately investigate complaints against Defendant Trimble endangered the entire general public,

given that Defendant Trimble encountered the decedent at random.  The Plaintiffs have likewise not

met the third prong of the state-created-danger test, as the Defendants had no reason to believe their

actions posed a particular danger to Ms. Positano.  Accordingly, the Court finds that the Plaintiffs'

state-created-danger cause of action fails to state a claim upon which relief can be granted.

    *2.*       *Civil Conspiracy Claim*

"A civil conspiracy is 'an agreement between two or more persons to injure another by

unlawful action.'" *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) (citing *Weberg v. Franks*, 229

F.3d 514, 526 (6th Cir.2000)).  Here, the Plaintiffs say that Defendants Portage County and Portage

County Job and Family Services – along with all the other named defendants – "acting in concert

with one another entered into an agreement, expressly or by implication through their joint

participation in the emergency response to fired shots and hostage situation . . .  [to engage in] . . .

conduct that was wrongful, negligently, willful and wanton and designed to inflict upon the

Deceased, Sarah Positano, certain harm, suffering and pain . . . " [Doc. 1, Exhibit 2.] The Defendants

say that the Court should dismiss the Plaintiffs' conspiracy claim as against them for failure to state

a claim. [Doc. 8.]  Specifically, the Defendants argue that the Plaintiffs' claim is not plead with the

required level of specificity, such that it fails to state a claim upon which relief can be granted.  *Id.*

The Court agrees with the Defendants and accordingly grants their motion to dismiss with respect

to the Plaintiffs' civil conspiracy claim.

"Claims of conspiracy must be pled with some specificity: vague and conclusory allegations

that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat*, 370 F.3d

at 599.  A Plaintiff need not show express agreement among all purported conspirators to establish

Case No. 5:07-CV-494
Gwin, J.

the existence of a civil conspiracy. However, a Plaintiff must show that there was "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir.2000).

Here, Count IV of the Plaintiff's complaint, which alleges civil conspiracy, constitutes a study in vague and conclusory allegations relative to the instant Defendants. As far as the Court can tell, the locus of the Plaintiffs' conspiracy claim revolves around all of the defendants' "joint participation in the emergency response to fired shots and hostage situation." [Doc. 1, Exhibit 1.] However, the Plaintiffs do not allege that either of the instant Defendants were present when James Trimble took the decedent hostage. *Id.* Nor, in the alternative, do the Plaintiffs allege any facts showing that Portage County entered into any agreement, whether express or implied, with the other named defendants who were present during the hostage situation. Because the Plaintiffs have not plead the requisite elements of conspiracy relative to the instant Defendants, let alone done so with the requisite particularity, the Court finds that the Plaintiffs' civil conspiracy cause of action fails to state a claim upon which relief can be granted. Accordingly, the Court grants the Defendants' motion to dismiss as to that Count.

### B.     State Law Causes of Action

The Plaintiffs also bring several state law causes of action against the Defendants. [Doc. 1.] Specifically, the Plaintiffs allege (1) a state law claim for breach of a non-delegable duty owed to the decedent; (2) a tort claim for negligent infliction of emotional  distress; (3) a tort claim for wrongful death; and (4) a tort claim for negligence. *Id.* The Defendants move to dismiss all four state law causes of action for failure to state a claim upon which relief can be granted, Fed. R. Civ.

-6-

Case No. 5:07-CV-494
Gwin, J.

P. 12(b)(6), arguing that each is barred by the public duty doctrine and/or state law sovereign immunity. [Doc. 8.]

>    *1.    Public Duty Doctrine*

The Ohio Supreme Court has held, in articulating the public duty rule, that  "[w]hen a duty which the law imposes upon a public official is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, is generally a public and not an individual injury."  *Sawicki v. Village of Ottawa Hills*, (1988) 37 Ohio St.3d. 222, 525 N.E.2d 468.  Accordingly, a Plaintiff may only maintain a state law cause of action against a defendant municipality – like the instant Defendants – if the "special duty/relationship" exception to the public duty rule applies.  *Id.* To establish such a special duty or special relationship, a Plaintiff must show "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking."  *Sawicki*, 37 Ohio St.3d. at 231-232.

In the instant case, the elements required to establish a special duty or relationship do not exist.  Most important, the Plaintiffs have not shown that the Defendants assumed any affirmative duty to act on behalf of the decedent, Ms. Positano.  The Plaintiffs say that they meet this element because (1) R.C. § 2151.421 affirmatively tasks the Defendants with a duty to investigate reported instances of child neglect and/or abuse; and (2) in Ohio, the public duty rule cannot serve as a defense against such a statutory requirement. *Brodie v. Summit County Children Serv. Bd.,* 51 Ohio St.3d 112, 554 N.E.2d 1301 (1990).  However, the Plaintiffs' argument ignores that the decedent

-7-

Case No. 5:07-CV-494
Gwin, J.

was not a member of the class of persons R.C. § 2151.421 was designed to protect and, as such, was not owed any duty imposed by it terms.

Indeed, there is no evidence that any relationship existed between the decedent and the Defendants, let alone the type of "special" relationship required to avoid application of the public duty rule.  The Court therefore finds that the public duty rule applies in the instant case and bars the Plaintiffs' state law causes of action.  Accordingly, the Court finds that the Plaintiffs' state law causes of action fail to state a claim upon which relief can be granted.

2.      *State Law Sovereign Immunity*

Separate from their public duty doctrine argument, the Defendants also say that sovereign immunity bars the Plaintiffs' state law causes of action. [Doc. 8.]  Ohio Revised Code § 2744, which governs sovereign immunity, provides in relevant part:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

R.C. § 2744.02(A)(1).

It is undisputed that the  five exceptions contained within R.C. § 2744.02(B) do not apply in the instant case.  Nonetheless, the Plaintiffs argue that sovereign immunity does not bar their state law claims because the Ohio Supreme Court has explicitly held that the courts may hold a political subdivision liable for failure to perform its duty to investigate reports of child abuse.  *Campbell v. Burton*, 92 Ohio St.3d 336 (2001).  However, the Ohio Supreme Court's decision in *Campbell* has since been superceded by an amended version of R.C. 2744.02(B)(5), which provides that a political

-8-

Case No. 5:07-CV-494
Gwin, J.

subdivision may only be held liable where a "section of the Revised Code expressly imposes [civil] liability . . . " *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities, et al.*, 102 Ohio St.3d 230 (2004).

In *Marshall v. Montgomery County Children Services Board*, the Ohio Supreme Court held that "[w]ithin the meaning of R.C. § 2744.02(B)(5) and § 2744.03(A)(6)(c), R.C. § 2151.421 does not expressly impose liability for failure to investigate reports of child abuse." 92 Ohio St.3d 348 (2004). Accordingly, the Court rejects the Plaintiffs' argument and finds that sovereign immunity also bars the Plaintiffs' state law causes of action.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendants' motion to dismiss.

IT IS SO ORDERED.


Dated: July 12, 2007                    s/          *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE