UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| | : | |
| SCOTT RILLEY, ET AL., | : | CASE NO. 5:07-CV-494 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 49] |
| TOWNSHIP OF BRIMFIELD, COUNTY | : | |
| OF PORTAGE, OHIO, ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court is Plaintiffs' motion for leave to amend their complaint.  [Doc. 49.]  The

Defendants oppose the motion.  [Doc. 51.]  For the following reasons, this Court **GRANTS**

Plaintiffs' motion for leave to amend the complaint.

## I. Background

On January 19, 2007, Plaintiffs filed a complaint in the Portage County Court of Common

Pleas against Defendants Township of Brimfield, David A. Blough, James Trimble, Portage County

Job and Family Services, County of Portage, Elizabeth Trimble, U.S. Probation Office, and Other

Unknown John and Jane Does A-Z.  [Doc. 1.]  On February 21, 2007, Defendant U.S. Probation

Office filed a notice of removal to the U.S. District Court for the Northern District of Ohio.  *Id.*

-1-

Case No. 5:07-CV-494
Gwin, J.

Defendants U.S. Probation Office, County of Portage, and Portage County Job and Family Services were subsequently dismissed from the case.  [Doc. 37, 46.]

In the instant motion, Plaintiffs seek leave to file a First Amended Complaint for purposes of dismissing Count 1 of the original complaint, a 42 U.S.C. § 1983 claim, as against remaining Defendants Brimfield Township, Brimfield Township Police Chief Blough, and John and Jane Does A-Z.  [Doc. 49.]  Defendants oppose the motion for leave to amend the complaint on the grounds that have prepared a motion for summary judgment.  [Doc. 51.]

## II. Discussion

After a defendant files a responsive pleading, a plaintiff may only amend his complaint by leave of the court.  Fed. R. Civ. P. 15(a).  A court should freely give leave to amend "when justice so requires."  *Id.*  Rule 15 of the Federal Rules of Civil Procedure reinforces the principle that cases "should be tried on their merits rather than the technicalities of pleadings."  *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).  The Supreme Court has articulated the general standard for Rule 15(a):

> In the absence of any declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis,* 371 U.S. 178, 182 (1962).  A court must examine the *Foman* factors in light of the directive of Rule 1 of the Federal Rules of Civil Procedure that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1; *Foman,* 371 U.S. at 182.  The decision whether "justice so requires" the amendment is at the district court's

-2-

Case No. 5:07-CV-494
Gwin, J.

sound discretion.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 331 (1971).

In this case, Plaintiffs seek to amend their complaint to dismiss Count 1, a 42 U.S.C. § 1983 claim, against the Defendants.  [Doc. 49.]  After considering the Court's previous dismissal of Defendant U.S. Probation Office, Plaintiffs claim that this amendment will enable the parties to have the claims determined on their merits in a single action and will not unfairly prejudice the Defendants because they have conducted only minimal discovery and have not filed any counterclaims.  *Id.*  Defendants oppose the motion because they anticipate that the Plaintiffs will ask this Court to remand the case back to state court after they amend their complaint to dismiss the federal claims.  Defendants argue that this will result in prejudice because they have already prepared a motion for summary judgment and the Plaintiffs' amendment will create undue delay. *Id.*

Because Defendants have not consented to the amendment of Plaintiffs' complaint, Plaintiffs will only be permitted to amend the complaint if this Court grants them leave to do so.  Fed. R. Civ. P. 15(a).  As stated above, leave to amend should be "freely given" to enable a court to reach the merits of the case.  *Foman,* 371 U.S. at 182.  Although the Court acknowledges that Defendants have invested time and resources over the past seven months in preparing their defenses, including the motion for summary judgment, the Defendants' argument that amendment will cause undue delay is unconvincing.

The Sixth Circuit has held that "[d]elay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading."  *Tefft,* 689 F.2d at 639-40 n.2.  The Plaintiffs' instant motion does not appear to be

Case No. 5:07-CV-494
Gwin, J.

submitted in bad faith or for the purpose of harassment.  Plaintiffs have not previously amended their complaint, and the Court agrees that the proposed amendment will help to conserve judicial resources by eliminating litigation over claims the Plaintiffs wish to drop.  Furthermore, this Court does not believe that undue prejudice to the Defendants would result from amendment of the complaint.  Even if Defendants are inconvenienced by the amendment, the Court finds that, in the interests of justice, amendment is necessary to support the Sixth Circuit's preference for adjudicating cases on their merits and not based upon technicalities.

IV. Conclusion

For the above stated reasons, this Court **GRANTS** Plaintiffs' motion for leave to amend their complaint.

IT IS SO ORDERED.


Dated: October 3, 2007                                   s/         *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE